UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DURBIN,

        Plaintiff,

    v.

JOAN DuBUQUE, *et al.*,

        Defendants.

CASE NO. C08-326RSM

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## **I. INTRODUCTION**

This matter comes before the Court on "Defendants' Motion for Judgment on the Pleadings" (Dkt. #15). Defendants request that the Court dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(c) on three alternative theories. First, Defendants claim that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Second, Defendants argue that they are entitled to judicial immunity. Lastly, Defendants contend that Plaintiff's claims are frivolous. Plaintiff, appearing *pro se*, responds that all of Defendants' arguments must be rejected. Plaintiff also moves to strike an exhibit attached to Defendants' motion.

For the reasons set forth below, the Court GRANTS Defendants' motion.

## **II. DISCUSSION**

### **A. Background**

The instant lawsuit arises from an underlying state court claim brought by Plaintiff Mark Durbin ("Mr. Durbin"). On February 21, 2006, Mr. Durbin initiated a class action lawsuit

ORDER
PAGE - 1

against the Seattle Popular Monorail Authority ("SPMA"). In sum, Mr. Durbin's lawsuit alleged that the SPMA had unlawfully terminated the Seattle Monorail Project. King County District Court Judge Joan DuBuque dismissed Mr. Durbin's claims in their entirety. (Dtk. #16 at ). Mr. Durbin thereafter appealed to Division I of the Washington State Court of Appeals. (*Id.* at 20). On January 8, 2007, Court Commissioner Susan Craighead ("Judge Craighead") issued a decision on Mr. Durbin's appeal. Judge Craighead summarized the facts surrounding Durbin's state court claims as follows:

> Durbin failed to allege that he was a Seattle resident or that he otherwise had standing to bring the action . . . In February 2006, Judge Canova found that Durbin "has failed to establish facts sufficient to demonstrate standing to maintain this action" and dismissed the matter with prejudice. [citation omitted].
>
> After the case was dismissed, Durbin went to the Monorail offices and gave the Monorail a $100 donation. He then filed a second lawsuit seeking to enjoin the Monorial from taking action to end the monorail project and dissolve the agency. The basis for his claims was the same as in the first lawsuit . . . Judge Dubuque [found] that Durbin was "collaterally estopped and has failed to establish standing."

(*Id.* at 17).

Judge Craighead ultimately affirmed Judge DuBuque's decision, specifically holding that "[i]t is unnecessary to reach the question of whether Durbin was collaterally estopped from relitigating the issue of standing because, even if he were not, he still lacked standing to bring the declaratory judgment action when he filed the second lawsuit." (*Id.* at 20).

Mr. Durbin subsequently moved to modify the Commissioner's finding pursuant to Washington State Rules of Appellate Procedure 17.7. On March 16, 2007, Division I Judges Ronald Cox, Susan Agid, and Mary Becker unanimously denied Mr. Durbin's motion to modify. (*Id.* at 21). Mr. Durbin then appealed to the Washington State Supreme Court. On January 8, 2008, Justices Gerry Alexander, Charles Johnson, Barbara Madsen, Mary Fairhurst, and Debra Stephens unanimously denied Mr. Durbin's petition for review. (*Id.* at 22).

Unsatisfied with the outcome of his state court litigation, initiated this lawsuit by filing a motion to proceed *in forma pauperis* ("IFP") in this District Court on February 22, 2008. (Dkt. #1). Mr. Durbin's motion was granted, and his complaint as a *pro se* plaintiff was filed in this Court on March 25, 2008. (Dkt. #6, Pl.'s Compl.). In his complaint, Mr. Durbin names all of

the judges that were associated with his state court litigation as Defendants. Mr. Durbin claims that his constitutional rights were violated by the Defendants pursuant to 42 U.S.C. § 1983. (*Id.* at 3). Defendants now bring the instant motion to dismiss.

### B. Standard of Review

Unlike motions to dismiss under Fed. R. Civ. P. 12(b), a motion to dismiss under Fed. R. Civ. P. 12(c) may be brought after a defendant files an answer. Specifically, a party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Other than this procedural difference, the standard of review between a 12(b) motion and 12(c) motion is the same. A judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Courts must accept the nonmovant's allegations as true, viewing the facts in the light most favorable to the nonmoving party. *See Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

### C. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

Under the *Rooker-Feldman* doctrine, a federal court cannot entertain constitutional claims that are inextricably intertwined with a state court's judgment. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286, n.1 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). In other words, "a party losing in state court is barred from seeking what in substance would be *appellate review* of the state court's judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (emphasis added). Pursuant to 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. *See id.* Federal district courts simply have "no authority to review the final determinations of a state court in judicial proceedings . . . even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986).

The *Rooker-Feldman* doctrine does not, however, operate to devoid federal district courts of subject matter jurisdiction entirely when reviewing state court decisions. For example, the *Rooker-Feldman* doctrine does not touch the writ of habeas corpus. *See Plyler v. Moore*, 129 F.3d 728, 732 (4th Cir. 1997); *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993); *Blake v. Papadakos*, 953 F.2d 68, 71, n.2 (3d Cir. 1992). Federal habeas corpus law expressly provides for federal collateral review of final state court judgments, and requires exhaustion of state remedies as a precondition for federal relief. *See* 28 U.S.C. § 2254. Additionally, the doctrine does not impact bankruptcy law, as bankruptcy courts are empowered to avoid state judgments. *See* 11 U.S.C. §§ 544, 547, 548, 549. The Supreme Court has also held that *Rooker-Feldman* does not apply to a suit in which review is sought in federal district court of an "executive action, including determinations made by a state administrative agency." *Verizon Maryland Inc. v. Public Service Commission*, 535 U.S. 635, 644, n.3 (2002). The doctrine also does not apply to a federal court suit brought by a nonparty to the state court suit. *Johnson*, 512 U.S. at 1006.

Nevertheless, case law is clear in establishing that the *Rooker-Feldman* doctrine operates to bar *de facto* appeals from state court decisions. *See Noel v. Hall*, 341 F.3d 1148, 1161 (9th Cir. 2003); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (finding that the *Rooker-Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment") (emphasis in original). For example, in *Worldwide Church of God*, defendants who lost at state court brought a 42 U.S.C. § 1983 action in federal district court. 805 F.3d at 890. They named the state superior court as a defendant, alleged as a legal wrong that the state court jury verdict was unconstitutional, and sought an injunction against the enforcement of the state court judgment based on the verdict. *Id.* The Ninth Circuit held that the federal suit was barred by the *Rooker-Feldman* doctrine. *Id.* at 893.

In the instant case, Mr. Durbin claims that *Rooker-Feldman* does not apply because the doctrine has been impermissibly expanded by lower courts. However, the Court recognizes that *Rooker-Feldman* should only be used in certain circumstances. But limited applicability does

ORDER
PAGE - 4

not equal absolute inapplicability. There is no doubt that Mr. Durbin fits squarely within the *Rooker-Feldman* doctrine. Mr. Durbin claims that the state court judges deprived him of his constitutional rights by ignoring well-established case law, and showing a reckless indifference to his arguments. (Pl.'s Compl. at 5-10). Therefore Mr. Durbin is clearly seeking a *de facto* appeal in this Court of the state court judgments against him. This is impermissible under the *Rooker-Feldman* doctrine. Not only is the instant lawsuit "inextricably intertwined" with his state court litigation, granting Mr. Durbin any form of relief from the instant lawsuit would reject the findings and decisions made by the state court judges.

In addition, Mr. Durbin alleges that his claims fall outside the *Rooker-Feldman* doctrine because the state court judgments were never validated with proper findings of fact and conclusions of law. However, it is unequivocally clear that findings of fact and conclusions of law are not necessary on decisions of motions to dismiss. Washington CR 52(a)(5)(B).

Ultimately, it is worth re-emphasizing that "a party losing in state court is barred from seeking what in substance would be appellate review of the state court's judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson*, 512 U.S. at 1005-06. Mr. Durbin is clearly a state court loser who is seeking review in this federal district court of his state court judgment. Therefore Mr. Durbin's claims have no merit and his claims shall be dismissed.

**D. Judicial Immunity**

Even if the *Rooker-Feldman* doctrine did not apply, it is clear that Mr. Durbin's claims are barred by the doctrine of judicial immunity. It is well-established that judges enjoy a comparatively sweeping form of absolute immunity. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991). Specifically, judges are entitled to immunity for acts taken while they are acting in their judicial capacity unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (citation omitted). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 611, 526 (1985). Judicial immunity is not overcome by allegations of bad faith or malice. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore the "immunity applies even when the judge is accused of

ORDER
PAGE - 5

acting maliciously and corruptly." *Id.*

Here, Mr. Durbin emphasizes in his opposition that the doctrine only applies when judicial acts are *fair* acts. (Dkt. #16 at 10). As a result, he claims that the doctrine should not apply because the state court judges have purposefully acted to disregard his constitutional rights. (*Id.*). However, it is clear that all the state court judges were acting in their judicial capacity when rejecting Mr. Durbin's arguments. They dismissed Mr. Durbin's claims pursuant to well-established legal principles. Therefore irrespective of how Mr. Durbin attempts to characterize the state court judges' decisions, he cannot avoid the substance underlying those decisions. Judicial immunity clearly applies, and the Court finds that Mr. Durbin's claims must be dismissed under this doctrine as well.[1]

**E. Motion to Strike**

In his opposition, Mr. Durbin moves to strike an exhibit attached to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(f) on the grounds that it is immaterial. The exhibit is an unpublished opinion issued by Division I of the Washington State Court of Appeals dismissing a separate state court lawsuit brought by Mr. Durbin. The Court finds that Mr. Durbin's motion to strike shall be STRICKEN AS MOOT. The Court did not rely on this evidence in dimissing Mr. Durbin's claims under Fed. R. Civ. P. 12(c).

## III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and orders:

(1) "Defendants' Motion for Judgment on the Pleadings" (Dkt. #15) is GRANTED. Plaintiff's claims are dismissed with prejudice.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to *pro se* Plaintiff.

---

[1] The Court finds no reason to address Defendants' arguments that Plaintiff's claims are frivolous.

1 DATED this 29th day of August, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7